LAMBERT-MURRAY COMPANY v. SOUTHERN EXPRESS COMPANY.

(Filed 11 December, 1907).

**Express Companies—Contracts—Negligence—Measure of Damages—Rule, Hadley v. Baxendale.**

An express company, from the nature of its business, guarantees prompt delivery; and when, through its own negligence, an express box is delayed in its delivery, so as to cause a loss of the value of its contents, owing to a limited use and demand, it is liable for its value, though in ignorance of its contents and their character.

CIVIL ACTION, heard upon facts agreed by *Cooke, J.,* at April Term, 1907, of the Superior Court of BUNCOMBE County.

The action began before a justice of the peace, and on appeal in the Superior Court the following facts were agreed: The plaintiff company delivered to the defendant, at Asheville, North Carolina, on 21 February, 1906, a plain, closed box for shipment to New Orleans, Louisiana. The box had no writing on it except the address, "A. I. Hirsch, New Orleans, La.," and the defendant was not told what the box contained nor that any loss would result from delay. The box arrived in New Orleans 24 February, 1906, but was not delivered to the consignee, the defendant being guilty of negligence in this respect. On 31 March, 1906, after four days' notice to the defendant of its intention to do so, the plaintiff sent a duplicate shipment to Hirsch. Claim was made to the defendant by the plaintiff for damages, liability was denied,

and suit was begun 30 April, 1906.    On the hearing before a
justice of the peace, 30 April, 1906, the original shipment was
tendered to the plaintiff by the defendant, and refused by it.
The box contained rhododendron souvenirs, marked "New
Orleans" and suitable for sale only in that city, being made
to order.    The goods, when shipped, were worth $12.60,
which is the amount sued for, but on the day suit was brought,
30 April, 1906, they had no market value, and have since had
none, although they have sustained no physical injury, having
suffered their loss of value on account of failure on the part of
the defendant to deliver within a reasonable time.

The court rendered judgment for $12.60, with interest from
21 February, 1906.    Defendant appealed.

No counsel for plaintiff.
*Julius C. Martin* and *George H. Wright* for defendant.

CLARK, C. J.    The negligence is admitted.    The only con-
troversy is as to the measure of damages.    The defendant, at
the trial, tendered to the plaintiff the return of the original
box and contents, but admits that at that time they had "no
market value and have since had none, although they have sus-
tained no physical injury, having suffered their loss of value
on account of failure on the part of the defendant to deliver
within a reasonable time."

As the defendant admits that the loss of value was caused
by its own negligence, it is difficult to conceive any reason why
it should not be responsible for the damage caused by its own
wrong.    It undertook, for a consideration, to carry the goods
speedily and safely to their destination.    It did not do so.    It
has offered no excuse; indeed, it frankly says that it has none.
If it had been important to know the contents of the box to
spur it to diligence, it does not appear that it inquired.    The
very nature of its business and the application for its services
were notice that prompt delivery was of the essence of the
contract.

The defendant relies upon the well-known doctrine of *Hadley v. Baxendale,* 9 Exch., 341, that the damages for breach of contract should be "such as may fairly and reasonably be considered either as arising naturally—*i. e.,* according to the usual course of things from such breach of contract itself—or such as may reasonably be supposed to have been in the contemplation of both parties at the time they made the contract as the probable result of it."

The defendant did not inquire as to the contents of the box, but, when it received the box for quick transportation, what may more reasonably be supposed to have been in the contemplation of both parties than that, if, by reason of the negligence of the defendant, the package was so delayed in transmission as to become wholly or partially worthless, for any reason, the carrier who for a price had stipulated for prompt and safe delivery should be liable for any damage or loss caused by such negligence? A carrier by ordinary freight train is insurer of safe delivery and within reasonable time. An express company guarantees the promptest possible delivery, and is liable for any deterioration in the value of the goods caused by failure to fill that contract.

Affirmed.